UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| RACHEL DUHE AND KIMEYAN ALEXANDER, EACH INDIVIDUALLY AND ON BEHALF OF A CLASS OF SIMILAR SITUATED INDIVIDUALS | * * * * * | CIVIL ACTION NO. |
| VERSUS | * * | DISTRICT JUDGE |
| MARATHON PETROLEUM COMPANY LP | * * | MAGISTRATE JUDGE |

**NOTICE OF REMOVAL**

Defendant, Marathon Petroleum Company LP ("Marathon"), pursuant to 28 U.S.C.A. §§ 1332, 1441, and 1446, hereby gives notice of the removal of this cause of action from the Parish of St. John the Baptist, 40th Judicial District, State of Louisiana to the United States District Court for the Eastern District of Louisiana.

**I.     Background**

On August 29, 2023, Rachel Duhe and Kimeyan Alexander ("Plaintiffs") commenced this lawsuit against Marathon in the Parish of St. John the Baptist, 40th Judicial District, State of Louisiana, asserting claims arising out of an accidental tank fire at Marathon's refinery in Garyville, Louisiana (the "Refinery") on August 25, 2023 (the "Incident").[1]

Plaintiffs allege that the fire and chemical release associated with the Incident prompted a mandatory evacuation for people living and working within a two-mile radius of the Refinery.[2] Plaintiffs define the Class as those persons who owned property, and/or operated a business, and/or worked or resided within the two-mile evacuation zone and who were harmed by Marathon's conduct in relation to the Incident.[3] Plaintiffs specifically point to the alleged release of naphtha

---

[1] *See generally*, Exhibit A: Petition for Damages filed August 29, 2023 (the "Petition").
[2] Exhibit A: Petition at ¶ 10.
[3] Exhibit A: Petition at ¶ 24.

1

as the damage causing substance.[4] Plaintiffs' claims are based on the following theories of liability: (1) general negligence[5]; (2) nuisance[6]; (3) strict liability based on the ruin of a thing or building[7]; (4) trespass[8]; and (5) absolute liability[9].

## II. This action is removable under diversity jurisdiction and, alternatively, under CAFA jurisdiction.

The Petition was filed pursuant to article 591 of the Louisiana Code of Civil Procedure, which governs class actions filed in state court. There are several statutory bases for removing class actions filed in state court to federal court, including diversity jurisdiction (28 U.S.C. §§ 1332, 1441(a), 1441(b)) and the Class Action Fairness Act of 2005 ("CAFA") (28 U.S.C. §§ 1332(d) & 1453), both of which authorize removal of the underlying suit.

### a. Diversity jurisdiction exists.

A class action can be removed based on diversity jurisdiction when:

1. There is complete diversity (28 U.S.C. §1332(a));

2. No defendant is a citizen of the forum state (28 U.S.C. § 1441(b)(2));

3. All defendants join in or consent to the removal (28 U.S.C. § 1446(b)(2)(A)); and

---

[4] Exhibit A: Petition at ¶ 11-13.
[5] Exhibit A: Petition at ¶¶ 40-45 (Plaintiffs specifically allege: Marathon knew or should have known of the hazardous nature of handling naphtha but failed to act reasonably to avoid an inadvertent release; and Marathon failed to ensure there were sufficient fire suppression materials at the refinery.)
[6] Exhibit A: Petition at ¶¶ 26-34 (Plaintiffs specifically allege: Marathon's conduct constitute interference with Class Members' lawful use of and presence on property; Class Members' suffered injury and were deprived enjoyment of their property; Marathon should have known the release and events thereafter presented a disruption of Class Members' peaceful enjoyment of their property; and Marathon could have prevented the damage if it exercised reasonable care or maintained sufficient fire suppression materials).
[7] Exhibit A: Petition at ¶¶ 46-51 (Plaintiffs specifically allege: Marathon owned or operated the refinery and the naphtha holding tanks; the defects in Marathon's operations caused an unreasonable risk of harm; Marathon knew or should have known of the unreasonable risk; damage could have been prevented by reasonable care).
[8] Exhibit A: Petition at ¶¶ 35-39 (Plaintiffs specifically allege Marathon's operations resulted in physical and unauthorized invasions of Class Members' properties).
[9] Exhibit A: Petition at ¶¶ 52-55 (Plaintiffs specifically allege Marathon conducted ultrahazardous activity).

4. The amount in controversy for at least one named plaintiff exceeds $75,000 exclusive of interest and costs (*Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 125 S. Ct. 2611 (2005); *see also, Hellmers v. Countrywide Home Loans, Inc.*, 2008 WL 191306, at *1 (E.D. La. Jan. 22, 2008)).

Each of these requirements is met here.

### i. Complete diversity exists.

Complete diversity exists when the citizenships of all plaintiffs are diverse from the citizenships of all defendants. 28 U.S.C. §1332(a).

In the instant action, the named Plaintiffs are citizens of the state of Louisiana.[10] Additionally, as all members of the proposed class were required to evacuate from the two-mile radius surrounding the Refinery in Louisiana, all class members are likely citizens of the state of Louisiana.[11]

The citizenship of a limited partnership, such as the Defendant in this case, Marathon Petroleum Company LP, is based upon the citizenship of each of its partners. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008) (citing *Carden v. Arkoma Assocs.,* 494 U.S. 185, 195–96, 110 S. Ct. 1015, 1021–22, 108 L.Ed.2d 157 (1990)). Marathon Petroleum Company LP is comprised of three partners: (1) Marathon Petroleum Corporation, (2) Giant Industries, Inc; and (3) MPC Investment LLC.

First, the citizenship of a corporation, such as Marathon Petroleum Company LP's partners – Marathon Petroleum Corporation and Giant Industries Inc., is determined by the corporation's state of incorporation and principal place of business. 28 U.S.C. § 1332(c). Both Marathon Petroleum Corporation and Giant Industries, Inc. are incorporated in Delaware with principal

---

[10] Exhibit A: Petition at ¶¶ 1-2.
[11] Exhibit A: Petition at ¶ 25.c.

places of business in Ohio. Thus, Marathon Petroleum Corporation and Giant Industries, Inc. are citizens of Delaware and Ohio.

Second, the citizenship of an LLC, such as Marathon Petroleum Company LP's partner – MPC Investment LLC, is determined by the citizenship of all its members. *Harvey v. Grey Wolf Drilling Co*., 542 F.3d 1077, 1080 (5th Cir. 2008). MPC Investment LLC's sole member is Marathon Petroleum Corporation. As described *supra*, Marathon Petroleum Corporation is a citizen of Delaware and Ohio, meaning MPC Investment LLC is a citizen of Delaware and Ohio.

Therefore, based on the citizenship of its partners, Marathon Petroleum Company LP is a citizen of Delaware and Ohio. Given that all the named Plaintiffs are citizens of Louisiana (and that all putative class members are also likely citizens of Louisiana) and Marathon Petroleum Company LP is a citizen of Delaware and Ohio, the complete-diversity requirement for removal is satisfied.

### ii. *No Defendant is a citizen of the forum state.*

A civil action may not be removed if any defendant is a citizen of the State in which such action is brought (i.e., the forum state). 28 U.S.C.A. § 1441(b)(2).

Here, the forum state is Louisiana, and the only Defendant, Marathon Petroleum Company LP, is not a citizen of Louisiana. As described above in Section II.a.i., Marathon is a citizen of Delaware and Ohio. Thus, as no Defendant is a citizen of the forum state, this requirement for removal is met.

### iii. *All Defendants join in or consent to the removal.*

Because there are no other Defendants besides Marathon, and Marathon is filing this Notice, all Defendants join in or consent to this removal. Thus, this requirement for removal is met.

> ***iv. The amount in controversy requirement is met because the amount in controversy for at least one named Plaintiff exceeds $75,000.***

To remove a class action under diversity jurisdiction, the amount in controversy for at least one named plaintiff must exceed $75,000 exclusive of interest and costs. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546 (2005); *see also, Hellmers v. Countrywide Home Loans, Inc.*, 2008 WL 191306, at *1–2 (E.D. La. 2008). Any claim not exceeding $75,000 comes under the court's supplemental jurisdiction. *Exxon Mobil Corp.*, 545 U.S. at 546.

The claims of Plaintiffs, Ms. Duhe and Ms. Alexander, are allegedly representative of those who own property, reside, operate businesses, and/or work throughout the two-mile evacuation area, and, thus, Plaintiffs' claims are allegedly typical of the claims of the class.[12] The Petition raises claims for:

- Injury due to exposure to naphtha, which Plaintiffs allege: (1) is classified as a hazardous substance by OSHA; (2) can cause headaches, dizziness, nausea, vomiting, fatigue, congestion, lightheadedness, and a burning sensation of the skin, eyes, nose, and throat; (3) can affect the nervous system and kidneys if there is extended exposure; and (4) contains benzene, a carcinogen for which there is no safe level of human exposure;[13]

- Widespread panic throughout Garyville and the surrounding area caused by the mandatory evacuation, resulting in Plaintiffs and residents fleeing the comfort of their own homes;[14]

- Fear of toxic emission levels, which has caused Plaintiffs to continue to stay indoors, thereby directly inhibiting the enjoyment of property;[15]

---

[12] Exhibit A: Petition at ¶ 25.c.
[13] Exhibit A: Petition at ¶¶13-14, 18.
[14] Exhibit A: Petition at ¶ 18.
[15] Exhibit A: Petition at ¶ 19.

- Property damage due to the allegedly toxic materials being released upon their property;[16]

- The persistent presence of a foreign smell within or near the evacuation area;[17]

- The presence of continuing thick, black smoke within or near the evacuation area;[18]

- Substantial business losses due to the closure of businesses and schools;[19]

- Damages related to school closures in the days after the Incident due to concern for the safety of students and staff, which resulted in parents missing work due to the lack of childcare;[20]

- Damages for the deprivation of enjoyment of property;[21]

- Damages for loss of use;[22]

- Damages for business losses;[23] and

- Damages for lost income.[24]

In addition to generally asserting the above claims on behalf of Ms. Duhe and Ms. Alexander, the Petition specifically asserts that Ms. Duhe suffered emotional distress and fear, loss of enjoyment and/or use of her property, black residue on her vehicle, plants, and solar lights, and physical manifestations of exposure (including, but not limited to, congestion and nausea).[25] Ms. Duhe and Ms. Alexander assert past and future damages, particularly in relation to fear of exposure to toxic emissions, which has resulted in ongoing loss of use and/or enjoyment of their properties.[26]

---

[16] Exhibit A: Petition at ¶ 18, 38.
[17] Exhibit A: Petition at ¶ 18.
[18] Exhibit A: Petition at ¶ 18.
[19] Exhibit A: Petition at ¶ 20.
[20] Exhibit A: Petition at ¶ 21.
[21] Exhibit A: Petition at ¶ 23.
[22] Exhibit A: Petition at ¶ 23.
[23] Exhibit A: Petition at ¶ 23.
[24] Exhibit A: Petition at ¶ 23.
[25] Exhibit A: Petition at ¶ 18.
[26] Exhibit A: Petition at ¶ 19.

In cases with similar alleged damages, verdicts have exceeded $75,000. *See*, *e.g., Plaintiffs v. Mitsui & Co., et al.*, 1997 WL 635965 (Unknown State Ct. (La.) 1997) ($2,000,000 in compensatory damages awarded to only 20 plaintiffs of 8,000 plaintiff class for chemical leak causing property damage, evacuation, emotional distress, eye irritation, rashes, and fear of cancer from exposure to carcinogens); *Crozier v. Vista Chemical*, 1994 WL 908733 (W.D. La. 1994) ($119,000 awarded to single woman who inhaled chemical fumes causing severe lung congestion, rashes on face/neck/arms, and abnormal menstrual cycle); *c.f. O'Brien v. Washington-St. Tammany Elec. Coop. Inc.*, 2013 WL 4714507 (22nd Judicial District Court for the Parish of Washington) ($13,500 award for damages arising out of removal of a single oak tree).

Furthermore, Plaintiffs make claims for attorney's fees "to the fullest extent authorized by law."[27] Both Louisiana and federal law allow for the recovery of attorney's fees in relation to a class action.[28] When a statute allows for a party to recover attorney's fees, the amount-in-controversy includes those fees. *Hawkins v. Combe, Inc.*, 2016 WL 3901446, at *4 (E.D. La. July 19, 2016).

Therefore, considering Plaintiffs' alleged damages include attorney's fees, past and future personal injuries, emotional distress, property damage, and business losses, it is plausible the amount in controversy for one named Plaintiff will exceed $75,000.

### b. Removal is authorized under CAFA.

Alternatively, a class action can be removed under CAFA when:

1. There is minimal diversity (28 U.S.C. § 1332(d)(2));

2. There are at least 100 putative class members (28 U.S.C. § 1332(d)(5)(B));

---

[27] Exhibit A: Petition at pg. 14.
[28] *See*, *e.g.*, La. C.C.P. art. 595, Fed. R. Civ. P. 23(h).

3. The amount in controversy based upon the class members' aggregated claims exceeds $5 million exclusive of interest and costs (28 U.S.C. § 1332(d)(2)); and

4. The primary defendants are not states, state officials, or other governmental entities against whom the district court may be prevented from ordering relief (28 U.S.C. § 1332(d)(5)(A)).

Each of these requirements is met here.

### i. *Minimal diversity exists.*

Minimal diversity requires that any member of a class of plaintiffs is a citizen of a state different from any defendant. U.S.C. §1332 (d)(2)(B). This Court has held that the requirement is met if at least one plaintiff is diverse from at least one defendant and that the presence of a nondiverse defendant is not a barrier to removal. *Caruso v. Allstate Ins. Co.*, 469 F. Supp. 2d 364, 367 (E.D. La. 2007) (holding that minimal diversity is met where "each of the six named plaintiffs is a resident of Louisiana, while four of the six defendants are domiciled in other states."); *see also*, *Frazier v. Pioneer Americas LLC*, 455 F.3d 542, 544 (5th Cir. 2006); *see also*, §1332(d)(2).

As delineated *supra* in Section II.a.i., all named Plaintiffs are citizens of Louisiana (and all putative class members are also likely citizens of Louisiana), and the only Defendant, Marathon, is a citizen of Delaware and Ohio. Therefore, minimal diversity exists.

### ii. *There are more than 100 putative class members.*

Plaintiffs allege that the two-mile evacuation zone contains at least 8,660 residents, numerous businesses and employees thereof, and two schools.[29] Thus, the alleged putative class numbers are well in excess of 100, and this requirement is met.

### iii. *The amount in controversy exceeds an aggregate amount of $5 million.*

Under CAFA, the requisite amount in controversy is $5 million aggregated across all

---

[29] Exhibit A: Petition at ¶¶ 15, 25.a.

8

claims. *See,* §1332(d)(2). The removing party bears the burden of establishing that the amount in controversy equals or exceeds the jurisdictional amount. *Hood v. Water Treatment and Controls Co.*, 2016 WL 6906614, at *3 (M.D. La. Sept. 23, 2016). A defendant seeking to sustain removal may follow either of two tracks: (1) adduce summary judgment evidence of the amount in controversy; or (2) demonstrate that, from the class plaintiffs' pleadings alone, it is facially apparent that CAFA's amount in controversy is met. *Id*. (*citing De Aguilar v. Boeing Co.*, 11 F.3d 55 (5th Cir. 1993)).

The Fifth Circuit clarified the test for establishing facial apparency, quoting the Seventh Circuit and stating:

> The removing party, as the proponent of federal jurisdiction, bears the burden of describing how the controversy exceeds $5 million. This is a pleading requirement, not a demand for proof. Discovery and trial come later. A removing defendant need not confess liability in order to show that the controversy exceeds the threshold. The removing party's burden is to show not only what the stakes of the litigation *could* be, but also what they *are* given the plaintiff's actual demands…. The demonstration concerns what the plaintiff is claiming (and thus the amount in controversy between the parties), not whether the plaintiff is likely to win or be awarded everything he seeks. Once the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5 million, then the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much.

*Berniard v. Dow Chem. Co.,* 481 F. App'x 859, 862 (5th Cir. 2010) (per curiam) (*quoting Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008)).

As explained by the Fifth Circuit, "[that] the removing party bears the burden of proving the amount in controversy does not mean that the removing party cannot ask the court to make common-sense inferences about the amount put at stake by the injuries the plaintiffs claim." *Robertson v. Exxon Mobil Corp.*, 814 F.3d 236, 240 (5th Cir. 2015).

Here, the Petition alleges that the class will likely exceed 8,600 individuals and/or

9

businesses.[30] Given these allegations, to exceed the $5,000,000 threshold, at most, Marathon need only demonstrate that each class member is seeking damages that average approximately $582. *See Robertson*, 814 F.3d at 240 (noting the required demonstration of the amount in controversy concerns "everything [the plaintiff] seeks," not only what "the plaintiff is likely to win" (quoting *Berniard* at 862)).

Given the nature and extent of Plaintiffs' and class members' claims as described above in section II.a.iv., which include requests for recovery for past and future property damages, physical injuries, emotional distress injuries, and business losses, it is facially apparent that the amount in controversy on average for each Plaintiff plausibly exceeds $582 and, thus, the entire amount in controversy exceeds $5,000,000 in the aggregate. *See, e.g., Plaintiffs v. Mitsui & Co., et al.*, 1997 WL 635965; *Crozier*, 1994 WL 908733. For example, it is possible that Plaintiffs' and class members' claims regarding damage to *vegetation* alone may exceed $582 per claimant. *O'Brien*, 2013 WL 4714507) ($13,500 award for damages arising out of removal of a single oak tree).

Furthermore, similar to diversity jurisdiction, an award of attorney's fees, as requested by Plaintiffs,[31] is included in the amount in controversy analysis where there is state statutory authority for the court to award attorney's fees to class representatives. *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 874 (5th Cir. 2002); *see also, Frazier v. Pioneer Americas LLC*, 455 F.3d 542, 545 (5th Cir. 2006) (the court held that the petition, seeking damages for injuries suffered by at least 500 people and attorneys' fees, is "facially apparent" that at least $5 million is in controversy in the aggregate). When considering the potential value of attorney's fees in addition to the wide variety of damages requested, the amount in controversy could exceed $5 million.

### iv. No Defendants are state actors.

---

[30] Exhibit A: Petition at ¶ 25.a.
[31] Exhibit A: Petition at pg. 14.

CAFA jurisdiction is declined if "the primary defendants are States, State officials, or other governmental entities". *See* 28 U.S.C. §1332(d)(5)(A). Here, the only Defendant is Marathon, and Marathon is not a state actor. Thus, the final removal requirement is also met.

### III. The removal is timely.

Marathon was served with the Petition and citation on September 14, 2023.[32] Marathon has 30 days after service to file a notice of removal. 28 U.S.C. § 1446(b)(1). Marathon files this Notice of Removal on October 12, 2023, within the 30-day period.

### IV. The state court pleadings and papers.

Under 28 U.S.C. § 1446(a), copies of all papers and pleadings on file with the district court for the Parish of St. John the Baptist, 40th Judicial District, State of Louisiana have been attached hereto as Exhibit D, *in globo*. Those papers and pleadings are as follows:

| Date | Document |
|---|---|
| 8/29/23 | Petition for Damages |
| 9/21/23 | Citation to Marathon Petroleum Company |

Contemporaneous with the filing of this Notice of Removal, pursuant to 28 U.S.C. § 1446(d), Marathon represents that it has provided written notice of this removal to Plaintiffs' counsel and filed a copy of that notice with the clerk of the district court for the Parish of St. John the Baptist, 40th Judicial District, State of Louisiana.[33]

### V. Conclusion

Marathon hereby removes this case from the district court for the Parish of St. John the Baptist, 40th Judicial District, State of Louisiana to this Federal District Court. Removal is timely and this Court has subject matter jurisdiction over this matter.

---

[32] Exhibit B: Citation.
[33] Exhibit C: Notice of Filing of Notice of Removal.

This Court has original jurisdiction over the subject matter of the claims asserted against Marathon under 28 U.S.C. § 1332 because this action arises between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. Alternatively, this action is properly removed on diversity jurisdiction because Marathon is not a citizen of Louisiana, which is the state in which Plaintiffs brought the action. Additionally, this matter is also removable under CAFA because: (1) there is minimal diversity; (2) there are at least 100 alleged putative class members; (3) the amount in controversy facially exceeds $5 million exclusive of interest and costs; and (4) the primary defendants are not states, state officials, or other governmental entities.

Respectfully submitted,

Forman Watkins & Krutz LLP

*/s/ Chelsea Gaudin Favret*_____
TIM GRAY (#31748)
McCANN E. LeFEVE (#33942)
CHELSEA GAUDIN FAVRET (#37692)
CHANDLER C. AGEE (#39779)
201 St. Charles Ave., Suite 2100
New Orleans, LA 70170
Telephone: (504) 799-4383
Facsimile: (504) 799-4384
LAeService@formanwatkins.com
*Attorneys for Marathon Petroleum Company LP*

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing was served on all known counsel of record and/or parties by U.S. Mail, certified mail, fax, e-mail, and/or hand delivery as follows:

Kerry J. Miller
Paul C. Thibodeaux
Daniel J. Dysart
Brennan F. O'Keefe
Fishman Haygood, LLP
201 St. Charles Ave., Suite 4600
New Orleans, LA 70170
Telephone: (504) 586-5252

kmiller@fishmanhaygood.com; pthibodeaux@fishmanhaygood.com; ddysart@fishmanhaygood.com; bokeefe@fishmanhaygood.com;

Hugh Lambert
Brian Mersman
Lambert Zainey Smith & SoSo, APLC
701 Magazine Street
New Orleans, LA 70130
Telephone: (504) 581-1750

hlambert@lambertzainey.com; bmersman@lambertzainey.com

Cayce Peterson
JJC Law
3914 Canal Street
New Orleans, LA 70119
Telephone: (504) 513-8820

cayce@jjclaw.com

Sylvia Elaine Taylor
1126 W. Airline Hwy.
LaPlace, LA 70068
Telephone: (985) 359-9100
sylvia@taymclaw.com

                                                */s/ Chelsea Gaudin Favret*_____
                                                CHELSEA GAUDIN FAVRET